845 F.2d 326
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles E. JOHNSON, Plaintiff-Appellee,
v.
EATON CORPORATION, Eaton Corporation Board of Administration
of Pension Plan A- 3, Defendants-Appellants.
 No. 87-3272.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1988.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants-appellants, Eaton Corporation Board of Administration of Pension Plan A-3 (Trustees), appeal a judgment for plaintiff-appellee, Charles Johnson, awarding disability benefits. The district court found that the Trustees acted in an arbitrary and capricious manner in denying plaintiff's claim for disability benefits. We affirm.
 
 
 2
 Plaintiff became an employee of Eaton Corporation on May 4, 1948. Eaton employees are eligible for permanent disability benefits under Eaton Corporation Pension Plan A-3. In January of 1976, plaintiff took sick leave, lasting twelve months, with temporary disability benefits paid by Eaton's insurance carrier. In January of 1977, plaintiff submitted a claim for permanent disability benefits, pursuant to Plan A-3, which was denied.
 
 
 3
 Plaintiff then hired counsel who asked defendants to reconsider plaintiff's application of disability benefits. In April 1977, benefits were again denied. When the Trustees denied the benefits, they had before them the opinions of three doctors: (1) Dr. Paquelet, Eaton's physician, (2) Dr. Clunk, plaintiff's physician, and (3) Dr. Dobkins, physician for the Ohio Rehabilitation Services Commission. All three physicians agreed that plaintiff was disabled. The Trustees supported their decision to deny benefits, on the conclusion that there were no clinical findings that would support a finding of disability.
 
 
 4
 Plaintiff's counsel then requested that the defendants invoke the Plan's medical arbitration provision for resolving medical disputes which provides that when a plaintiff's physician and the defendants' physician are in disagreement they select a third physician to evaluate the plaintiff. Defendants refused to comply with that request.
 
 
 5
 Plaintiff filed suit in February 1984, represented by new counsel and alleging violation of the Employment Retirement Income Security Act, 29 U.S.C. Sec. 1001 et seq. The district court found that the defendants had acted in an arbitrary and capricious manner in denying disability benefits to plaintiff. From the court's decision, the Trustees now appeal.
 
 
 6
 [C]ourts may review a decision by trustees to deny benefits. Such review, however, is limited to a determination of whether the trustees' actions in administering or interpreting a plan's provisions are arbitrary and capricious. Courts may review the trustees' administration of a pension plan because Congress has imposed a fiduciary duty upon trustees to administer such plans for the sole and exclusive benefit of the beneficiaries.
 
 
 7
 Moore v. Reynolds Metals Co. Retirement P., 740 F.2d 454, 457 (6th Cir.1984) (citations omitted). See also, Varhola v. Doe, 820 F.2d 809 (6th Cir.1987).
 
 
 8
 We agree that the trustees' decision to deny plaintiff's claim for benefits was arbitrary and capricious. The trustees argue that they were justified in their decision, despite that all three examining doctors stated that plaintiff was disabled, because none of the doctors' opinions were supported by clinical findings.
 
 
 9
 A review of the evaluations supplied by the three physicians reveals that while it is true that the plaintiff's medical condition does not lend itself to a medical diagnosis confirmable by traditional clinical findings, the physicians, each of whom have examined the plaintiff, included in their expert opinions nevertheless that the plaintiff was suffering from a physical condition of sufficient severity to render him incapable of continuing in his employment.
 
 
 10
 Dr. Clunk, who was plaintiff's family physician for twenty-two years, found that plaintiff presented "symptoms ... clinical of a generalized arthritis" but that the condition is one that could not be verified by laboratory or x-ray examination. Dr. Clunk reported a "[d]iagnosis" and "physical findings" of "generalized arthritis--cervical arthritis--pain and swelling--also of knees and joints." To the question of "will claimant be prevented from engaging in any occupation and from performing any work for compensation or profit during the remainder of his life," Dr. Clunk answered "yes".
 
 
 11
 Dr. Paquelet, an orthopedic physician retained by Eaton Corporation, stated:
 
 
 12
 This patient's symptoms would suggest a diagnosis of "arthritis" for which he presently is considered totally disabled by the Social Security Administration. It is unlikely that he will return to work in his present capacity or that he would benefit from any rehabilitative program. I am, therefore, in agreement with his medical retirement."
 
 
 13
 Dr. Dobkins, a physician employed with the State of Ohio Rehabilitative Services Commission examined plaintiff and concluded his written report as follows:
 
 Diagnosis:
 
 14
 (1) Chronic fibrositis syndrome.
 
 
 15
 (2) Depressed state.
 
 
 16
 This patient is unable to perform work requiring prolonged walking, standing, stooping, climbing and other activities requiring full range of motion of spine, shoulders, knees, ankles.
 
 
 17
 The Trustees rejected out of hand the opinions of the three physicians who examined the plaintiff because the expert opinion of the physicians' was not supported by "clinical findings" despite the fact that one of the physicians indicated that the plaintiff's condition did not lend itself to confirmation by the usual objective clinical evidence.
 
 
 18
 When the Trustees rejected the findings of the three physicians and denied the plaintiff's request for benefits, the plaintiff's attorney suggested that the parties invoke the Pension Plan's medical arbitration provision, which calls for examination by a disinterested third physician when a claimant's physician and a company physician are in disagreement. Although the medical arbitration provision was not strictly applicable in this case, since the plaintiff had the unanimous opinion of three physicians that he was disabled and the company had no opinion to the contrary from an examining physician, the Trustees nevertheless refused the offer for a fourth medical examination by an entirely disinterested physician.
 
 
 19
 For all of the foregoing reasons, we concluded, as the trial court did, that the Trustees' decision to deny benefits in this case for the reason assigned was arbitrary and capricious.
 
 
 20
 Therefore, the judgment of the district court is AFFIRMED.